IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY; TURTLE ISLAND RESTORATION NETWORK; WISHTOYO FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL MARINE FISHERIES SERVICE; WILBUR ROSS, in his official capacity as Secretary of the Department of Commerce, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) CASE NO. 3:18-cv-01628-EDL |

**STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER**

This Stipulated Settlement Agreement ("Agreement") is entered into by and between the Center for Biological Diversity, Turtle Island Restoration Network, and Wishtoyo Foundation (collectively, "Plaintiffs") and the National Marine Fisheries Service ("NMFS") and Wilbur Ross, in his official capacity as Secretary of the United States Department of Commerce (collectively, "Defendants"), who, by and through their undersigned counsel, state as follows:

WHEREAS, on September 8, 2016, NMFS revised the listing status of the humpback whale (*Megaptera novaeangliae*) under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-44. 81 Fed. Reg. 62,260 (Sept. 8, 2016). Specifically, NMFS divided the globally listed endangered species into 14 distinct population segments ("DPSs"), and listed four of the DPSs as endangered and one DPS as threatened, superseding the original range-wide, species-level listing. *Id.* In the same rulemaking, NMFS found that, "critical habitat is not determinable at this

time" for the three listed DPSs that occur in United States waters (*i.e.*, the Western North Pacific, Mexico, and Central America DPSs) (81 Fed. Reg. at 62,318);

WHEREAS, since listing the DPSs on September 8, 2016, NMFS has not made a critical habitat determination (*i.e.*, proposing to designate critical habitat or finding that it would not be prudent to do so) for the Western North Pacific, Mexico, and Central America DPSs of humpback whale;

WHEREAS, on March 15, 2018, Plaintiffs filed the above-captioned action to compel NMFS to issue proposed and final critical habitat rules by dates certain for the Western North Pacific, Mexico, and Central America DPSs of humpback whale (ECF 1 ¶ 48);

WHEREAS, the parties, by and through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claim, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of all disputes set forth in Plaintiffs' complaint;

WHEREAS, the parties agree that settlement of this action in this manner is in the public interest and an appropriate way to resolve Plaintiffs' Complaint;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1.  On or before June 28, 2019, NMFS shall submit to the *Federal Register* for publication a proposed determination concerning the designation of critical habitat for the Western North Pacific, Mexico, and Central America DPSs of humpback whale;

2.  On or before June 30, 2020, to the extent NMFS has published a proposed rule to designate critical habitat, NMFS shall submit to the *Federal Register* for publication a final determination concerning the designation of critical habitat for the Western North Pacific, Mexico, and Central America DPSs of humpback whale;

3. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadlines specified in paragraphs 1 or 2, in the event of a dispute arising out of or relating to this Agreement, or in the event that any party believes that another party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim. The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.

4. In the event that Defendants fail to meet a deadline specified in this agreement and have not sought to modify it, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described in Paragraph 3, above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

5. Without waiving any defenses or making any admissions, Defendants agree to pay Plaintiffs $10,000.00 in attorneys' fees and costs. Plaintiffs agree to accept the $10,000.00 from Defendants in full satisfaction of any and all claims, demands, rights, and causes of action for any and all attorneys' fees and costs Plaintiffs reasonably incurred in connection with the above captioned litigation through the signing of this Agreement.

6. Plaintiffs agree to furnish Defendants with the information necessary to effectuate the $10,000.00 payment set forth by Paragraph 5. Payment will be made to the Center for Biological Diversity by electronic funds transfer. Defendants agree to submit all necessary paperwork for the processing of the attorneys' fees award to the Department of the Treasury's Judgment Fund Office, within ten (10) days from receipt of the necessary information from Plaintiffs or from approval of this Agreement by the Court, whichever is later.

7. By this Agreement, Defendants do not waive any right to contest fees and costs claimed by Plaintiffs or Plaintiffs' counsel in any future litigation or continuation of the present action.

8. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No party shall use this Agreement or the terms herein as relevant evidence with regard to any issue whatsoever, including what does or does not constitute a reasonable time for making a determination regarding critical habitat for any listed species or what does or does not constitute a reasonable amount of attorneys' fees for any type of proceeding.

9. This Agreement only requires that Defendants take the actions specified in Paragraphs 1, 2, 5, and 6. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to NMFS by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination. To challenge any final rule issued in accordance with

this Agreement, Plaintiffs will be required to file a separate action. Plaintiffs reserve the right to challenge substantive decisions made by Defendants referred to in paragraph 2 above, and Defendants reserve the right to raise any applicable claims or defenses.

10. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

11. The parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a settlement of claims that were disputed by the parties. By entering into this Agreement none of the parties waives or relinquishes any legal rights, claims or defenses it may have that are not specifically and explicitly waived or relinquished herein.

12. The terms of this Agreement constitute the entire agreement of the parties, and no statement, agreement, or understanding, oral or written, which is not contained herein, shall be recognized or enforced. Except as may be expressly stated herein, this Agreement supersedes all prior agreements, negotiations, and discussions between the parties with respect to the subject matter addressed herein.

13. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

14. The terms of this Agreement shall become effective upon entry of an order by the Court approving the Agreement.

15. Upon approval of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action,

however, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

DATED:  August 24, 2018.

                                       Respectfully submitted,

                                       JEFFREY H. WOOD
                                       Acting Assistant Attorney General
                                       United States Department of Justice
                                       Environment & Natural Resources Division

                                       SETH M. BARSKY, Section Chief
                                       MEREDITH L. FLAX, Assistant Section Chief
                                       Wildlife & Marine Resources Section

                                       */s/ Mele Coleman*
                                       MELE COLEMAN, Trial Attorney
                                       Hawaiʻi Bar No. 10103
                                       Wildlife & Marine Resources Section
                                       P.O. Box 7611, Ben Franklin Station
                                       Washington, DC 20044-7611
                                       (202) 305-0229 (phone)
                                       (202) 305-0275 (fax)
                                       Mele.Coleman@usdoj.gov

                                       *Attorneys for Defendants*

*/s/ Catherine Kilduff*
CATHERINE KILDUFF
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
Phone: (510) 844-7100
Facsimile: (510) 844-7150
ckilduff@biologicaldiversity.org

*Attorney for Plaintiffs*

STIPULATED SETTLEMENT AGREEMENT AND PROPOSED ORDER
*Ctr. for Biological Diversity., et al. v. Nat'l Marine Fisheries Serv. and Ross*, Case No. 3:18-cv-01628-EDL

**ATTESTATION**

I, Mele Coleman, am the ECF user whose identification and password are being used to file this STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER. In compliance with L.R. 5-1(i)(3), I attest that the other signatories have concurred in this filing.

DATED:  August 24, 2018

                                                    */s/ Mele Coleman*
                                           MELE COLEMAN, Trial Attorney
                                           Hawaiʻi Bar No. 10103
                                           Wildlife & Marine Resources Section
                                           Ben Franklin Station, P.O. Box 7611
                                           Washington, DC 20044-7611
                                           (202) 305-0229 (phone)
                                           (202) 305-0275 (fax)
                                           Mele.Coleman@usdoj.gov

                                           *Trial Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on August 24, 2018, the foregoing will be electronically filed with the Court's electronic filing ("ECF") system, which will generate automatic NMFS upon on all counsel of record enrolled to receive such notice.

          */s/ Mele Coleman*
          MELE COLEMAN, Trial Attorney
          Hawaiʻi Bar No. 10103
          Wildlife & Marine Resources Section
          Ben Franklin Station, P.O. Box 7611
          Washington, DC 20044-7611
          (202) 305-0229 (phone)
          (202) 305-0275 (fax)
          Mele.Coleman@usdoj.gov

*Trial Attorney for Defendants*